**Dated: September 01, 2023**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

IN RE:

LAKE DISTRICT, LLC.,                                                         Case No. 23-21496-JDL
                                                                             Chapter 11

    Debtor.

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE SALE OF OUTPARCEL LOTS 2, 3 & 4 CONSISTING OF 2.53 ACRES +/- LOCATED ON LAKE DISTRICT DRIVE, LAKELAND, TENNESSEE TO CHICK-FIL-A, INC. OUTSIDE THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 363**

This matter came to be heard on August 3, 2023 upon the motion of the Lake District, LLC, Debtor In Possession, (herein, the "Debtor" or "Movant"), for an order approving a sale of outparcel Lots 2, 3, and 4 located on Lake District Drive, Lakeland, Tennessee (collectively the "Property") outside the ordinary course of business pursuant to 11 U.S.C. § 363 [D.E. 97] (the "Sale Motion") and upon the objection of TIG Rompsen US Master Mortgage LP ("Romspen") thereto [D.E. 126] ("Rompsen Objection"). The Sale Motion seeks to sell the Property free and

clear of all liens, claims and encumbrances. Upon the statements of counsel and the proffer of testimony of Yehuda Netanel and the representation from counsel to Rompsen that the Rompsen Objection has been resolved as a result of a mutually approved modification to the Declaration of Restrictive Covenants and Easement Agreement attached as Exhibit A to the Sixth Amendment to the Purchase and Sale Agreement [D.E. 158] (the "Final ECR") and as a result the Rompsen Objection is withdrawn, and noting that all other objections have been withdrawn or overruled, the Court finds that the Sale Motion should be approved.

Based on the foregoing, and upon the entire record in this matter, the Court finds that the Purchase and Sale Agreement entered into between the Debtor and Chick-Fil-A Inc. (the "Purchaser"), as amended by that certain (i) First Amendment to Purchase Agreement, (ii) Second Amendment to Purchase Agreement; (iii) Third Amendment to Purchase Agreement; (iv) Fourth Amendment to Purchase Agreement; (v) Fifth Amendment to Purchase Agreement; (iv) Sixth Amendment to Purchase and Sale Agreement attached as **Exhibit 1** to the Sale Motion and the Final ECR (collectively, the "Contract"), providing for the sale and purchase of the Property for a gross sale price of $3,000,000 (the "Purchase Price"), represents the proper and prudent exercise of the Debtor's business judgment and that the Debtor has advanced sound business reasons for an immediate sale of the Property pursuant to the terms set forth in the Contract.  The Court further finds that notice of the Sale Motion and the hearing thereon was sufficient and in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and that good cause exists to grant the relief requested in the Sale Motion; and that the sale of the Property to the Purchaser as set forth in the Contract is in the best interests of the Debtor's estate and its creditors.  The Court

therefore makes the following findings of fact and conclusions of law and enters the following order:

1.	Based upon the record in this matter, the Court finds the Debtor has articulated a reasonable, proper and prudent business judgment and has demonstrated good faith for seeking approval of the Contract with the Purchaser and that the Contract represents the proper and prudent exercise of the Debtor's business judgment and that the Debtor has advanced sound business reasons for an immediate sale of the Property as set forth in the Contract. The Court further finds that, based upon the record, the sale of the Property pursuant to the Contract and free and clear of all liens,claims and encumbrances is authorized pursuant to the provisions of 11 U.S.C. § 363.

2.	Based upon the evidence tendered and upon the entire record as a whole, the Court finds that notice of the hearing on the Sale Motion to approve the sale pursuant to the Contract in a proper and sufficient form was reasonably served on all creditors and other parties in interest in accordance with the Bankruptcy Code and Bankruptcy Rules. The Court finds that no further notice to creditors is necessary.

3.	The Purchase Price under the Contract represents fair and reasonable consideration for the purchase of the Property pursuant to the Contract.

4.	The approval of the Contract and the consummation of the sale of the Property are in the best interests of the Debtor, its bankruptcy estate and its creditors.

5.	The Contract was made in good faith, and there is no evidence of the existence of an agreement or collusion among potential purchasers.

6.	The Contract was negotiated at arm's length and in good faith.

7. The Purchaser has acted in good faith and is entitled to the protections of § 363(m) of the Bankruptcy Code.

8. The Debtor has obtained all approvals and met all conditions under current applicable non-bankruptcy law to enter into and consummate the Sale.

9. The sale to the Purchaser pursuant to the Contract is approved and the Debtor, as Debtor in Possession, is authorized and directed to perform all obligations pursuant to the terms of this Order and the Contract.

10. The Debtor is authorized to execute, deliver, file, and record all such documents and take all such actions as may be necessary and appropriate to implement and consummate the sale of the Property subject to the terms of the Contract.

11. The objection of Romspen has been resolved and as a result withdrawn. Romspen has agreed to deliver, in connection with the closing of the sale pursuant to the Contract, such documents as may be necessary and appropriate to reflect Romspen's consent to the Final ECR.

12. Except as otherwise provided in this Order, the Debtor is authorized, empowered and instructed to sell, convey, transfer and deliver the Property to the Purchaser free and clear of all liens, claims and encumbrances upon payment in full of the Purchase Price in accordance with the terms of the Contract. The Property, when it has been acquired by Purchaser and the Purchase Price has been paid in full in accordance with the Contract, shall be free and clear of all liens, claims, encumbrances, liabilities and obligations existing or accruing prior to the conveyance of the Property to Purchaser.

13. At closing, the proceeds of the sale shall be subject to and impressed with the duly perfected security interests and liens of the secured lenders/creditors, including Romspen

with first priority; and after payment of regular and customary closing costs, commissions and pro rated Property taxes, including customary and usual closing attorneys' fees, the net proceeds shall be distributed to allowed secured claims in the order of their priority without further order of the Court. The Court shall retain jurisdiction over any dispute relating to the amount and priority of any claim asserted against the sale proceeds.

14. The Purchaser shall not be deemed the successor to the Debtor and shall not be responsible for any of the Debtor's liabilities or obligations.

15. This Order is a final and appealable order as to which there is no just reason for delay in its implementation, as to which a judgment should be entered immediately and that, for purposes of Fed. R. Bankr. P. 7062, is an order authorizing sale of property of the estate under 11 U.S.C. § 363.

16. Reversal or modification of this Order on appeal shall not affect the validity of the sale authorized by this Order unless this Order has been stayed pending such appeal after posting of a bond in an amount equal to the Purchase Price pursuant to Fed. R. Bankr. P. 8005. This Order shall be binding on the Debtor, the estate, its creditors and all successors and assigns, including any trustee appointed pursuant to the provisions of the Bankruptcy Code. The Order shall remain effective upon the conversion or dismissal of the case.

17. The Court shall retain jurisdiction over any and all disputes, claims or causes of action arising between the parties relating to the sale of Assets pursuant to the Contract.

18. The stay created pursuant to Fed. R. Bank. P. Rule 6004(h) shall not be applicable to this Order.

IT IS SO ORDERED.

APPROVED:
GLANKLER BROWN PLLC

By: /s/ Michael P. Coury
Michael P. Coury (TN 7002)
Ricky L. Hutchens (TN 34750)
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 525-1322
mcoury@glankler.com

Attorneys for The Lake District, LLC

BRYAN CAVE LEIGHTON PAISENER LLP

By: /s/ Kyle S. Hirsch
Kyle S. Hirsch
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7170
Kyle.hirsch@bclplaw.com

Attorneys for TIG Romspen US Master Mortgage LP

*Serve Matrix*

4876-0225-6764, v. 1